# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN PROSKEL,<br><br>           Plaintiff,<br><br>   v.<br><br>SNAP-ON DISABILITY INCOME PROGRAM FOR EXEMPT EMPLOYEES, et al.,<br><br>           Defendants. | 1:06cv1830 AWI DLB<br><br>ORDER DENYING DEFENDANT'S MOTION TO REMAND<br><br>(Document 34) |

Defendant Snap-On Incorporated Disability Income Program for Exempt Employees Only ("Snap-On") filed the instant motion to remand this action to the Plan Administrator on September 7, 2007. The matter was heard on October 5, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Tracy Collins appeared on behalf of Plaintiff Karen Proskel ("Plaintiff"). Stephen Galton appeared on behalf of Snap-On.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint for breach of the Employee Retirement Income Security Act of 1974 ("ERISA") on December 18, 2006. She names Snap-On Incorporated Disability Income Program for Exempt Employees and Snap-On Incorporated, in its capacity as Plan Administrator, as Defendants.

According to the Complaint,

> the Plan is a seamless integrated disability plan offering both short and long term disability benefits under which participants are automatically eligible for long term disability once they have been approved for and exhausted the initial twenty-six weeks of short term disability benefits. Only when short term benefits have been approved and paid for the twenty-six week maximum may an employee be considered for long term disability benefits. Complaint, ¶ 5.

The short term portion of the Plan is self-funded by Snap-On and identifies Snap-On as both the plan and claims administrator with regard to short term benefits. Unum Life Insurance Company of America ("Unum Life") issued and administers the long term disability ("LTD") portion of the plan. Plaintiff believes that "notwithstanding that the Disability Plan so provides, Snap-On retained Unum Life to act as claims administrator for the short term portion." Complaint, ¶ 6.

Plaintiff alleges that she was a covered participant under the terms of the Plan and became entitled to disability benefits during the course of her employment when she suffered a disability that rendered her totally disabled as defined under the terms of the Plan. Specifically, she alleges that she was rendered disabled in or about October 2005 due to Chronic Fatigue Syndrome. She alleges that she made a claim "to Unum Life for short and long term benefits" and thenafter, Unum Life, without authorization, delegated its duties under the Plan to UnumProvident. Complaint, ¶ 11. UnumProvident denied her claim on March 10, 2006, and Plaintiff appealed. UnumProvident denied her appeal. She contends that she also appealed to Snap-On, but it "ignored her appeals." Complaint, ¶ 13.

Plaintiff further contends that she requested copies of Plan documents on April 18, 2006, and again on May 15, 2006. The Plan Administrator responded to her requests on July 5, 2006.

Snap-On contends that Unum Life denied Plaintiff's STD claim because medical records did not support a cognitive or physical impairment that would prevent her from performing her job duties.[1] On appeal, Unum Life determined that Plaintiff's complaints were subjective and inconsistent with her test results and that she was capable of full time work in her occupation.

---

[1] According to Snap-On, Plaintiff was experiencing significant conflict in her managerial position due to staffing issues and work load. Almost immediately after leaving work, Plaintiff moved from Texas to Kern County, California.

2

1   The first cause of action is against the Plan for wrongful denial of benefits.  The second
2 cause of action is against the Plan Administrator and requests civil penalties under ERISA for
3 failure to timely provide plan documents.  29 U.S.C. §§ 1024(b)(4), 1132(c).
4   Plaintiff requests (1) payment of disability benefits, including prejudgment interest; (2) a
5 declaration that she is disabled under the terms of the Plan and entitled to benefits; (3) penalties
6 in the sum of $110 per day for everyday that Snap-On failed to comply with 29 U.S.C. §
7 1024(b)(1)(B); and (4) for costs and attorneys fees at the rate of $450.00 per hour pursuant to 29
8 § 1132(g).
9   Defendants filed their answer on March 14, 2007.
10   Pursuant to the Scheduling Conference Order, Snap-On filed the instant motion to
11 remand the action to the Plan Administrator and stay this action, on September 7, 2007.  Plaintiff
12 filed her opposition on September 17, 2007, and Snap-On filed its reply on September 28, 2007.
13   Plaintiff has settled her action against Snap-On as to the STD coverage.

## DISCUSSION

15   Snap-On contends that because Plaintiff did not submit a claim for LTD benefits, the
16 claim must be remanded to allow Unum Life to review her entitlement and to fully develop the
17 administrative record.  It contends that the STD and LTD are separate and distinct, with different
18 policy terms and conditions.
19   According to Snap-On, its STD Plan provides for 26 weeks of benefits at varying levels
20 of pay should a qualified claimant be unable to perform the material and substantial duties of his
21 or her "regular occupation" and not be working in any occupation.  Exhibit A, attached to
22 Declaration of Keiko J. Kojima ("Kojima Dec.").
23   The LTD policy, issued in April 2005, provides a monthly benefit equal to 60 percent of
24 an insured employee's earnings, less offsets.  Benefits begin after a 26 week elimination period.
25 For the first 24 months, the plan provides benefits if a claimant is disabled from the material and
26 substantial duties of his or her "regular occupation" and has an income loss of 20 percent due to
27 injury or illness.  After 24 months, disability is defined as an inability to perform the duties of
28 "any gainful occupation."  Exhibit B, attached to Kojima Dec.

While certain circumstances would warrant remand, those circumstances do not exist in this action. See eg. Saffle v. Sierra Pacific Power Co., 85 F.3d 455, 460 (9th Cir. 1996), (where plan administrator misconstrued the plan and applied the wrong standard to a benefits determination, remand was appropriate). Pursuant to the discussion at the hearing, Plaintiff indicated that the analysis involves only *her* "regular occupation," the standard used in both the STD analysis and the analysis for the first 24 months of the LTD plan, rather than "any occupation," the standard used after the first 24 months of the LTD plan. Indeed, given the dates of the relevant events, the "any occupation" standard will not be applied until April 2008, when the first 24 months of LTD would have expired. The relevant standards, then, for both STD and the first stage of LTD, are the same, and given Unum Life's decision on Plaintiff's STD application, the Court does not see any benefit to remand.

The Court's decision is also based on Plaintiff's desire to move forward based on the administrative record before the Court, which she believes to be complete and supportive of her position.

In denying this motion, the Court makes no determination as to whether Plaintiff's claims are exhausted. The exhaustion issue is a mixed question of law and fact and is not properly before this Court.

Accordingly, Snap-On's motion to remand is DENIED. This decision is made with the understanding that Plaintiff's claim relates only to the LTD standard of whether she could perform her regular occupation, as the "any occupation" LTD standard it not yet ripe.

IT IS SO ORDERED.

Dated:   **October 9, 2007**             **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE