IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN PROKSEL,<br><br>    Plaintiff,<br><br>    v.<br><br>SNAP-ON INCORPORATED DISABILITY INCOME PROGRAM FOR EXEMPT EMPLOYEES; SNAP-ON, INC., in its capacity as Plan Administrator of the Snap-On Incorporated Disability Income Program for Exempt Employees,<br><br>    Defendants. | CIV F 06-1830 AWI DLB<br><br>ORDER FOR ADDITIONAL BRIEFING AND MOVING HEARING ON MOTION TO DETERMINE STANDARD OF REVIEW TO JANUARY 22, 2008 |

    Currently pending in this case is Plaintiff's motion to determine the applicable standard of review in this ERISA case.  The hearing is set for December 3, 2007, at 1:30 p.m.  Opening trial briefs are to be filed on February 15, 2008, opposition trial briefs are to be filed on February 29, 2008, and court trial is set for March 18, 2008.  Plaintiff seeks Long Term Disability ("LTD") benefits and contends that a *de novo* review is appropriate.  Defendants argue that abuse of discretion review is appropriate and that no decision regarding LTD benefits was made.  A motion to remand was denied by the Magistrate Judge in October 2007.  See Court's Docket

Doc. No. 40. The remand order states that no decision regarding exhaustion of remedies was made. Id. Plaintiff has requested clarification of the order from the Magistrate Judge. See Court's Docket Doc. No. 49.

In light of the arguments made by the parties, the Court believes that additional briefing is necessary and that holding oral argument at this point would not be helpful. Before the standard of review is determined, the Court believes that it is necessary to determine whether exhaustion of remedies regarding LTD benefits has occurred and if not, whether an exception to the exhaustion requirement would apply.

Further, Plaintiff's motion to determine the standard of review argues that UnumProvident and not Unum Life made the decision to deny benefits, even though the benefit plan did not delegate to UnumProvident the ability to make those decisions. Determining who made the decision to deny benefits is generally a factual issue and is to be decided before determining the standard of review. Sharkey v. Ultramar Energy, 70 F.3d 226, 229 (2d Cir. 1995); Anderson v. Unum Life Ins. Co. of Am., 414 F.Supp.2d 1079, 1096 (M.D. Ala. 2006). The party claiming the more deferential standard of review has the burden of proving the predicate that justifies it. Sharkey, 70 F.3d at 230. The parties have argued and cited some cases regarding who made the decision of denying Plaintiff's claim. Nevertheless, since briefing regarding exhaustion will occur, the parties may file additional briefing regarding whether UnumProvident or Unum Life made the benefit decisions.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 3, 2007, hearing date is VACATED;
2. On or by December 14, 2007, the parties will each file a brief, and may submit evidence, regarding whether Plaintiff has exhausted her administrative remedies and/or whether an exception to the exhaustion requirement should apply;
3. On or by January 7, 2008, the parties may file responses to the briefing regarding exhaustion;
4. Also on or by December 14, 2007, the parties may submit additional briefing, including

additional evidence, regarding which entity made Plaintiff's benefit decisions;[1]

5. Also on or by January 7, 2008, the parties may file responses to the briefing regarding the identity of who made Plaintiff's benefit decisions.;

6. Responses to any objections to additional evidence submitted may be filed on or by January 14, 2008; and

7. The new hearing date on the Plaintiff's motion and the additional briefing will be January 22, 2008, at 1:30 p.m.

IT IS SO ORDERED.

Dated:    November 29, 2007              /s/ Anthony W. Ishii
                                                          UNITED STATES DISTRICT JUDGE

---

[1] The additional briefing should include the employment status of the individuals who made Plaintiff's benefit decision and, depending on the employment status, the method by which Unum Life monitors/monitored those individuals.